ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 10 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | No. 4-11CR-198-A |
| DANIEL PATRICK MOORE (1) a/k/a "Danny" | § § § | |

## PLEA AGREEMENT

Daniel Patrick Moore ("Defendant"), Jeffrey Grass, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1. **Rights of Defendant**: Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the superseding Information, charging a violation of 21 U.S.C. § 841, that is, Possession with the intent to Distribute a Controlled Substance. Defendant understands the nature and elements of the crime to

which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. <u>Sentence</u>: The penalties the Court can impose include:

   a. imprisonment for a period not more than 20 years;

   b. a fine not to exceed $1,000,000, or twice any pecuniary gain to the defendant;

   c. a mandatory term of supervised release of not less than 3 years which must follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture.

4. <u>Court's sentencing discretion and role of the Guidelines</u>: Moore understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Moore has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Moore will not be allowed to withdraw his plea if his sentence

is higher than expected. Moore fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. <u>Defendant's cooperation</u>: Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court.

6. <u>Government's agreement</u>: The government will not bring any additional charges against the defendant underlying and related to the previous Complaints filed against the defendant in this district. The government will dismiss, after sentencing, any remaining charges in the pending indictment or complaints.

7. <u>Violation of Agreement</u>: Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against him of any information or statements he has provided to Government and any resulting leads.

8. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not

the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

9. <u>Representation of Counsel</u>: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

10. <u>Limitation of Agreement</u>: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the Defendant or any property.

11. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 6 day of February, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
DANIEL PATRICK MOORE
Defendant

_____
JEFFREY GRASS
Attorney for Defendant

_____
JOSHUA T. BURGESS
Assistant United States Attorney
Texas State Bar No. 24001809
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.978.3094

_____
MARK L. NICHOLS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          2/6/2012
DANIEL PATRICK MOORE                     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          2-6-2012
JEFFREY GRASS                            Date
Attorney for Defendant

Plea Agreement - Page 5